### MULLIGAN v. MULLIGAN.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

DEEDS (§ 207*)—VALIDITY—EXECUTION—EVIDENCE—GENUINENESS OF SIGNATURE.

Evidence *held* not sufficient to show that a grantor's signature to a deed was a forgery.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 614; Dec. Dig. § 207.*]

Appeal from Special Term, Queens County.

Action by Catherine Mulligan against Adel Mulligan.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Wm. F. Hendrickson (Louis Hess, on the brief), for appellant.

Leander B. Faber (Chas. H. Street, on the brief), for respondent.

MILLER, J.   This is an appeal from a judgment adjudging that a deed, purporting to have been made by the plaintiff and Michael Mulligan, her husband, on the 10th day of December, 1902, to the defendant, their daughter, was a forgery, in that the plaintiff never executed it.   The plaintiff and her husband were the owners as tenants by the entirety of the property purporting to have been conveyed by said instrument.   The plaintiff is unable to read or write, and the deed purports to have been signed by her making a cross.

The evidence to show that the deed is a forgery consists solely of her own testimony to the effect that she never signed it.   The plaintiff is 73 years of age.   It appears that, about the time of the alleged execution of the deed, the defendant went to reside with her parents, and the defendant's evidence tends to show that her doing so was the consideration for the making of the deed.   The plaintiff, however, denied that the defendant had been with her for more than a year prior to the trial of this action.   On cross-examination, the plaintiff was shown her signature to the verification of the complaint, which she denied making.   The defendant testified to the circumstances under which the deed was executed, and she was corroborated by the notary who took the acknowledgments.   The father, Michael Mulligan, now deceased, was able to write, and no question was raised but that the signature to the deed was his.   Other circumstances in the case, which it is not necessary to detail, show plainly that the plaintiff's denial of her signature was due to her failing memory.   Evidently the learned trial jus-

tice found for the plaintiff on the theory that she ought to have the property, overlooking the fact that the judgment brands the defendant as a forger, without any credible evidence in the record to sustain such a charge.

The judgment is reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.